UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CINDY ELMER,

        Plaintiff,

  v.

INFINITY INSURANCE COMPANY and DOES 1-100, inclusive,

        Defendants.

No. 2:09-cv-02848-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Cindy Elmer ("Plaintiff") seeks damages stemming from the denial of her insurance claim and subsequent cancellation of her insurance policy by Defendant Infinity Insurance Company ("Defendant"). She brings two causes of action: breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff originally filed in state court; Defendant then removed this case to federal court, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.

///

///

1

Presently before the Court is Defendant's Motion for Partial Summary Judgment. Defendant claims that Plaintiff's tort claim for breach of the implied covenant of good faith and fair dealing is barred by the two-year statute of limitations.[1] For the reasons set forth below, Defendant's request for summary adjudication as to the implied covenant claim will be denied.[2]

## BACKGROUND

In January of 2007, Plaintiff insured her 2007 Dodge Nitro SXT with Defendant. Her policy covered both damage caused by a collision as well as damage not caused by a collision. On April 23 of that year, she submitted a claim to Defendant regarding damage to her car. Plaintiff and Defendant hotly dispute the cause of that damage.

According to Plaintiff, her car was struck by a hit-and-run driver while parked on the street during the night of April 21 or early morning of April 22. She claims to have left her car on the street overnight, locked and unharmed, and to have discovered collision damage to the front end of the car the next morning. Plaintiff's neighbor reports hearing a loud bang at 4 a.m. from the direction of Plaintiff's vehicle.

---

[1] The Court notes that Defendants have also requested summary judgment as to all tort damages sought by Plaintiff. Because Plaintiff's tort claim survives this motion, she retains her claims for tort damages. This Court need not address whether these damages could also be sought under the breach of contract claim.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

After Defendant investigated Plaintiff's claim, the company concluded that Plaintiff's story was a fabrication and that the car had been hurt while being driven off-road "through heavy brush" by the Plaintiff or her family. Both parties cite to expert evaluation as to the source of the damage. Plaintiff's mechanic found the damage to be consistent with a hit-and-run accident, as Plaintiff alleges, while Defendant's mechanic thought that the car had been damaged while being driven off-road.

As a result of this investigation, Defendant denied Plaintiff's claim via fax and telephone on May 29, 2007. Defendant then cancelled Plaintiff's policy coverage on June 13, 2007, citing "fraud discovered during investigation of 4/22/07 loss."

The above-enumerated dates are central to Defendant's Motion for Partial Summary Judgment now before the Court. Through that motion, Defendant seeks summary adjudication as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing on grounds that said claim is time-barred. Defendant argues that because the statute of limitations on an implied covenant claim is two years, and the statute began running on May 29, 2007, the present lawsuit, filed on June 1, 2009,[3] was commenced three days after the statute of limitations expired.

///

---

[3] Defendant has requested that the Court judicially notice Plaintiff's initial complaint in this matter, filed in the Superior Court of the State of California for the County of Placer, as well as the County of Placer's 2009 Superior Court Holiday Schedule. These requests are unopposed and will be granted.

3

1  Plaintiff, on the other hand, contends that the statute was not
2  triggered until the policy was cancelled on June 13, 2007,
3  inasmuch as the denial of the claim and the cancellation of the
4  policy arise from the same set of facts: Plaintiff's alleged
5  fraud.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim...may...move...for a summary judgment in the party's favor upon all or any part thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

4

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).

///
///
///
///

Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L. Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts....Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  See T.W. Elec. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-631 (9th Cir. 1987), citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///

**ANALYSIS**

Under California law, tort damages for breach of the implied covenant of good faith and fair dealing are generally not available. Jonathan Neil & Assocs., Inc. v. Jones, 33 Cal. 4th 917, 923 (2004). The covenant is a "contract term," and as such, "compensation for its breach has almost always been limited to contract rather than tort remedies." Id. at 937. There is a recognized exception, however, "when the breach occurs in the context of an insurance company's failure to properly settle a claim against an insured, or to resolve a claim asserted by the insured." Id. at 923. This is because of the "special relationship between the insurer and the insured," id. at 937, which imposes on the insurer an "obligation not to impair the right of the insured to receive the benefits of the agreement." Id. at 938.

The Jonathan Neil court addressed the question as to what actions on the part of an insurance company fall within the rubric of "settling" or "resolving" a claim. Id. In doing so, it enumerated three factors that weighed against permitting tort damages for the alleged breach on the part of the defendant insurer. First, the action on the part of the insurer did not "deny the insured the benefits of the insurance policy." Id. at 939. Second, the action did not "require the insured to prosecute the insurer in order to enforce its rights." Id. at 939. Third, traditional tort remedies were available to the insured. Id. at 939.

///

7

However, the holding in <u>Jonathan Neil</u> was expressly limited "only to retroactive billing cases in which the billing is separate and distinct from any allegations of claim mishandling." <u>Id</u>. at 941 n.10.

By contrast, the California Court of Appeals held in <u>Security Officers Service</u> that the defendant insurance company's overcharging of premiums was directly linked to its claims handling practices, and therefore was bound by the implied covenant of good faith and fair dealing. <u>Sec. Officers Serv. v. State Comp. Ins. Fund</u>, 17 Cal. App. 4th 887 (1993). The <u>Jonathan Neil</u> court distinguished <u>Security Officers Service</u>, characterizing the overcharging of premiums as "inextricably linked to the mishandling of claims–precisely the kind of bad faith behavior that goes to the heart of the special insurance relationship and gives rise to tort remedies." <u>Jonathan Neil</u>, 33 Cal. 4th at 940.

Although the California Supreme Court has not ruled on whether cancellation provisions fall under the implied covenant, <u>Jonathan Neil</u>, 33 Cal. 4th at 941, California's appellate courts have held that "[c]ancellation provisions in an insurance contract are subject to the implied covenant of good faith and fair dealing just like any other clause." <u>Helfand v. Nat'l Union Fire Ins. Co.</u>, 10 Cal. App. 4th 869, 903 (1992) (citing <u>Spindle v. Travelers Ins. Cos.</u>, 66 Cal. App. 3d 951, 958 (1977)).

///
///
///
///

1  Both the Helfland and the Spindle courts affirmed the
2  availability of tort damages when a policy was cancelled for
3  "improper motive," in the Spindle case to "pressure members of a
4  doctors group to consent to a large increase in their medical
5  malpractice premiums." Jonathan Neil, 33 Cal. 4th at 90.
6      The issue now before the Court is whether or not the
7  cancellation of Plaintiff's insurance policy on June 13, 2007,
8  was "inextricably linked" to the May 29 denial of her claim, or
9  whether the two events are separate and unrelated.  Defendant
10 takes the latter position and argues that because Plaintiff's
11 complaint was filed more than two years after the denial of the
12 claim, her cause of action for tort damages is time-barred.
13     The Court disagrees with Defendant's contention in this
14 regard.  The cancellation of the policy was not, as Defendant
15 argues, "an entirely distinct and subsequent act" (Def.'s Mot.
16 Summ. J. 6), but rather was "inextricably linked" to the denial
17 of her claim.  Both actions taken by the Defendant stemmed from
18 Plaintiff's alleged fraud in reporting her claim.  The "Reason
19 for Cancellation" cited in Defendant's Notice of Cancellation is
20 "Fraud discovered during investigation of 4/22/07 loss."  (Pl.'s
21 Opp'n to Mot. Summ. J. Ex. A.) The act of cancelling the policy
22 was part and parcel of the denial of policy benefits to Plaintiff
23 (first Jonathan Neil factor) and forms a part of the behavior
24 that requires Plaintiff to prosecute to enforce her rights
25 (second Jonathan Neil factor).
26 ///
27 ///
28 ///

1    Because this Court finds that Defendant's cancellation of
2 Plaintiff's policy was tied to the denial of her claim, which she
3 alleges breached the implied covenant of good faith and fair
4 dealing, the statute of limitations for Plaintiff's implied
5 covenant claim was not triggered until June 13, 2007.
6 Plaintiff's complaint, filed June 1, 2009, is therefore not time-
7 barred and may continue.[4]

## CONCLUSION

Based on the foregoing, Defendant is not entitled to summary adjudication as to the tort claims pled in Plaintiff's complaint. Defendant's Motion (Docket No. 9) is accordingly DENIED.

IT IS SO ORDERED.

Dated: June 30, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds that the policy cancellation was "inextricably linked" to the denial of Plaintiff's claim, the Court need not decide whether, as Plaintiff argues, the continuing violation doctrine applies.

10